UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

| | |
|---|---|
| NEDA MAYBERRY | CIVIL ACTION NO. 14-CV-478 |
| VERSUS | JUDGE HAIK |
| WAL-MART LOUISIANA, LLC<br>WAL-MART STORES, INC. | MAGISTRATE JUDGE HANNA |

*Memorandum Ruling and Order*

Before the Court is the plaintiff's motion to compel additional 30(b)(6) testimony of Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC [Rec. Doc. 26], and the defendant's motion for protective order [Rec. Doc. 29].  Both motions are opposed.  Oral argument was heard on the motions on January 27, 2015.  For the following reasons, the motion to compel is granted, and the motion for protective order is denied to the extent it is inconsistent with the instant ruling on the motion to compel.

*Factual Background and Procedural History:*

Plaintiff Nedra Mayberry has alleged she was seriously injured when she slipped in a liquid substance on the floor of the Opelousas Wal-Mart store on August 10, 2013.  The incident was captured on Wal-Mart surveillance video in the store.  The parties have had ongoing disputes regarding discovery issues, including whether the plaintiff could discover the contents of the defendant's post-

accident claim file and Rule 37(e) issues related to surveillance video of Plaintiff's fall and the conclusions drawn by the parties from review of same. Spoilation claims have been articulated by the plaintiff. At the request of the parties, a Rule 16 conference was held on July 10, 2014, and the parties presented some of those issues for consideration by the undersigned, although no formal discovery motion was before the court at the time. It was agreed during the conference that Defendants would provide a privilege log compliant with the federal rules, from which the parties could resolve, or at least narrow their dispute as to what is considered properly privileged by the defendants. Also at issue was the adequacy of production by Defendants of surveillance video in the area of the incident for the time period beyond one hour before and after the alleged fall, with Defendants asserting that video beyond that time window had been overridden as part of a policy of the defendants. During the conference, the undersigned noted that "[g]iven the potential for spoliation, the plaintiff is entitled to discovery whether the loss of the surveillance evidence was part of the 'routine good-faith operation of an electronic information system' as set forth in Rule 37(e). [Rec. Doc. 19, p. 2]. A final issue discussed led to the court's instruction that the plaintiff is entitled to know the factual basis for Defendants' representation that

the substance on the floor was placed there by an unidentified Wal-Mart customer, which disclosure had been the subject of objection by Wal-Mart.

As of the Rule 16 conference date, the parties continued to work on confection of a Rule 30(b)(6) deposition notice to complete appropriate discovery from the corporate defendant.  On June 18, 2014, a proposed 30(b)(6) deposition notice was sent by Plaintiff to Defendants; after some negotiations between the parties, a final revised notice was sent on August 27, 2014.  The 30(b)(6) corporate deposition was set for October 7, 2014.

Appearing at the deposition as the corporate representative of the defendants was Joshua Anderson, an assistant store manager at the Opelousas Wal-Mart store.  In the course of his deposition, Anderson confirmed his understanding that he was appearing as a corporate representative and that his answers would bind the corporation.  He confirmed that he had read the deposition notice and could testify on the issues presented in the notice, including company policies and procedures.  Later in the course of the deposition, Anderson qualified his earlier responses to say that he did not know the answers to half of the questions asked of him, and on the instruction of his attorney, Anderson refused to respond to questions described by the attorney in objections to be beyond the scope of the deposition notice.  Despite the parties' efforts to resolve their

discovery issues in a Rule 37.1 conference, they have been unable to agree on a resolution to the plaintiff-perceived deficiencies in Anderson's testimony as a corporate representative. This motion to compel followed, wherein Plaintiff has asserted that Anderson was ill-prepared to serve as a corporate representative in response to the negotiated 30(b)(6)deposition notice, and he unreasonably could not or would not respond to questions asked of him within the scope of the deposition notice, either because he did not know the answers to the questions asked, or on instructions from his attorney that he not provide answers for reasons unrelated to the assertion of privilege.

    In the motion, Plaintiff identified eighteen categories of information about which Defendants' discovery responses, including Anderson's 30(b)(6) testimony were considered to be deficient, and Plaintiff now seeks the opportunity to complete and supplement the 30(b)(6) deposition of Defendants. Essentially the plaintiff complains that Wal-Mart's corporate representative designee Anderson limited his deposition answers to his own personal knowledge, which was itself minimal, and he was not properly prepared for the deposition as required by the Federal Rules. Plaintiff seeks relief under Rule 37(a), including requiring Wal-Mart to re-designate its corporate representative witness and mandating that the witness be properly prepared for re-deposition within a reasonable time. Finally,

Plaintiff seeks to have the supplemental deposition take place in Opelousas, Louisiana at the office of Plaintiff's counsel.

In response to the motion to compel, and in a related Motion for Protective Order [Rec. Doc. 29] Wal-Mart has asserted that the information sought by Plaintiff is privileged or attorney work-product, was already previously produced in discovery, and/or is available to Plaintiff through depositions of the individuals involved in the investigation of the accident at issue.  Wal-Mart also objects to production of recorded statements other than Plaintiff's taken during the investigation.  Additionally, Wal-Mart has argued that it cannot produce a witness to testify regarding the claims investigation conducted by the third party Claims Management Inc.(CMI).  Finally, per Wal-Mart, only personnel at Wal-Mart's Bentonville, Arkansas location would have knowledge of Wal-Mart's video preservation policies and how they came to be promulgated.

*Applicable Law and Discussion:*

The Court begins by noting that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  On careful review of

the deposition notice at issue in this matter, it is the finding of the undersigned that the information requested in the 30(b)(6) deposition notice-both the listing of topics for discussion and the documents requested for production in connection with the deposition-are reasonably calculated to lead to discovery of admissible evidence as is required by Fed. R. Civ. P. 26(b)(1).

    Fed. R. Civ. P. 30(b)(6) allows a party to notice the deposition of a corporation, partnership, association, governmental agency, or other entity and to specify with reasonably particularity the areas of inquiry to be pursued.  The named organization must then designate one or more representatives to testify as to the areas of inquiry.  The person designated as a corporation's representative at a 30(b)(6) deposition must "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  The company has a duty to make a conscientious, good-faith effort to designate a **knowledgeable** representative. See *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (emphasis added).  Regardless who is selected to serve as corporate representative, his testimony will be admissible against the organization, and the organization must prepare the representative to testify as to the corporation's collective knowledge and information. This may necessitate some gathering and review of documents and interviews of witnesses to prepare the

representative to give testimony for the organization. The testimony by a corporate representative is not limited to facts, but can include subjective beliefs and opinions held by the entity. *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433(5th Cir. 2006). *See also Resolution Trust Corp. v. S. Union*, 985 F.2d 196, 197(5th Cir. 1993)("When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.").

The information sought by Plaintiff and at issue in the motion includes requests for (1) any and all information about the subject incident; (2) information as to the identity of individuals who worked at the Opelousas Wal-Mart store on the accident date and/or were assigned to work in the vicinity of the accident, and the managers on duty at the time of the accident; (3) information regarding Wal-Mart's investigation of the accident and the outcome of the investigation; (4) Wal-Mart's surveillance system, the location of cameras, maintenance and policies/procedures regarding retention of surveillance footage and incident documentation. Plaintiff has asserted that spoilation issues presented in the case make discovery of the Wal-Mart surveillance retention policy a critical and relevant inquiry.

Having reviewed the detailed corporate deposition notice at issue as well as the complete transcript of the 30(b)(6) deposition of Wal-Mart corporate representative Joshua Anderson, it is clear to this court that Mr. Anderson was ill-prepared for the 30(b)(6) deposition at which he appeared and gave testimony. He did not witness or investigate the accident at issue; he had not spoken to witnesses to the incident, and he had not viewed the surveillance video of the accident nor did he know which Wal-Mart personnel had viewed the video. He could not say who was working at the store on the accident date, or even whether he was on duty. For those reasons he could not respond to questions about Wal-Mart's position that an unidentified third person caused the spill alleged to have caused Plaintiff's injury. In response to other questions, Anderson was instructed not to answer questions about security sweeps done in the accident area.

On numerous occasions during the deposition, Anderson refused to respond to questions asked of him on the instruction from defense counsel that the questions went beyond the scope of the deposition notice. Those objections were improper. It is well-settled that the only proper grounds for an attorney instruction to a witness that he should not respond to a deposition question is when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) to terminate or limit the deposition. Fed. R. Civ. P.

30(c)(2). The only ground for the motion to limit or terminate the deposition is that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(d)(3). No such motion has been presented in the instant case, and on review of the entire deposition, the court finds no basis for such a motion. At oral argument, Wal-Mart argued that some of the inquiries made at the deposition and documents sought for production had already be produced in written discovery answers/responses. That argument is particularly unavailing in this case, since Wal-Mart has not properly verified its written discovery responses as required by Rule 33[1], and the plaintiff is not required to accept an unverified discovery response. She has a right to 'bind' the company to its representative's answers to legitimate questions.

For the reasons recited herein, the plaintiff's Motion to Compel Additional 30(b)(6) Testimony of Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC [Rec. Doc. 26] is GRANTED. The defendants' related Motion for Protective Order [Rec. Doc. 29] is DENIED, to the extent it is inconsistent with this Ruling. Based on the foregoing,

---

[1] Fed. R. Civ. P. 33(b) provides that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writng under oath. ...The person who makes the answers must sign them, and the attorney who objects must sign any objections.

IT IS HEREBY ORDERED that Defendants' shall notify the plaintiff and the Court **within five days** whether the supplemental 30(b)(6) deposition will take place in Bentonville, Arkansas, or whether Defendants' representative(s) will appear in Louisiana.  While this court cannot order that the supplemental deposition take place in Opelousas, Louisiana as requested by the plaintiff, any travel costs incurred by plaintiff's counsel for completion of the 30(b)(6) deposition of Wal-Mart will be borne by the defendant. Upon agreement regarding the location of the supplemental 30(b)(6) deposition, the deposition should be completed without further delay.

Signed at Lafayette, Louisiana this 29th day of January, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge.